Filed 2/13/14  P. v. Ballesteros CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Appellant,<br><br>v.<br><br>DAVID FERNANDO BALLESTEROS,<br><br>　　　Defendant and Respondent. | E059055<br><br>(Super.Ct.No. RIF10002094)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  Helios (Joe) Hernandez, Judge.  Reversed.

Paul E. Zellerbach, District Attorney, and Natalie M. Pitre, Deputy District Attorney, for Plaintiff and Appellant.

Donna L. Harris, under appointment by the Court of Appeal, for Defendant and Respondent.

1

Defendant and respondent David Fernando Ballesteros moved to set aside his 2010 guilty plea to second degree burglary (Pen. Code,[1] § 459), contending his former attorney rendered ineffective assistance of counsel by not advising him of the immigration consequences of his plea. The trial court concluded defendant's motion under section 1018 was untimely, but, over the People's objection, the court treated defendant's motion as a petition for writ of error *coram nobis* and granted the petition.

The People appeal, contending the trial court abused its discretion by treating defendant's motion to withdraw his plea as a petition for writ of error *coram nobis*, because that writ is not available for remedying ineffective assistance of counsel. Defendant concedes his statutory motion to withdraw his plea was untimely, and that the trial court had no discretion to treat it as a *coram nobis* petition. But he contends we should deem the court to have properly treated the motion as a petition for writ of habeas corpus, and conclude the trial court correctly granted it. The People respond the trial court could not have deemed defendant's motion to be a habeas petition, and that defendant did not introduce sufficient evidence to demonstrate he was entitled to habeas relief.

We conclude the trial court abused its discretion by treating defendant's motion to withdraw to be a petition for writ of error *coram nobis*. We also conclude that, even assuming the trial court could properly treat the motion as a petition for writ of habeas corpus, defendant was not entitled to relief. The postjudgment order is reversed.

---

[1] All further undesignated statutory references are to the Penal Code.

# I.

## FACTS AND PROCEDURAL BACKGROUND

In April 2010, the People charged defendant by felony complaint with one count of second degree robbery. (§ 459.) Defendant opted to plead guilty, signed a standard plea form, and placed his initials next to the following advisement: "If I am not a citizen of the United States, I understand that this conviction may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States." Defendant also placed his initials next to a statement to the effect that he had adequate time to discuss with his attorney the consequences of his plea. Tashfeen (Tash) Haq, the attorney who appeared with defendant at the plea hearing, signed the form and attested to the facts that he was satisfied defendant understood the consequences of his guilty plea, and that defendant had an adequate opportunity to discuss with him the consequences of the plea. Finally, defendant informed the court that he reviewed both sides of the plea form with his attorney, and that he understood the constitutional rights he was waiving. Defendant pleaded guilty to the sole count and was placed on probation for three years, conditioned on him serving 120 days in the custody of the sheriff, with 69 days of credit for time spent in presentence custody.

In February 2013, defendant filed a motion to withdraw his plea, pursuant to section 1018. In support of the motion, defendant declared that his prior attorney, Terrell W. Proctor,[2] met with him once while he was in jail and advised defendant to plead guilty. Defendant also declared that his attorney made no mention whatsoever of immigration consequences of his guilty plea, and that defendant would not have pleaded guilty if he had known he might be deported. Attached to defendant's motion were records of the California State Bar respecting Proctor's stipulated disbarment in 2011.

At the hearing on defendant's motion, his new attorney acknowledged the motion to withdraw was filed more than six months after defendant was placed on probation, and that the motion was therefore untimely under section 1018. Nonetheless, counsel asked the court to treat the motion as a petition for writ of error *coram nobis*, and argued the court should grant the petition because defendant did not learn of the immigration consequences of his plea until just before he filed his motion. The People objected to the court treating defendant's motion to be a *coram nobis* petition, and directed the court's attention to the decision in *People v. Kim* (2009) 45 Cal.4th 1078 (*Kim*), in which the California Supreme Court expressly held that claims of ineffective assistance of counsel, based on an attorney's failure to properly advise a defendant of any immigration consequences of a guilty plea, are not cognizable by *coram nobis*.

---

[2] Mr. Haq appeared at the plea hearing in Proctor's stead.

4

The trial court agreed that defendant's motion was untimely under section 1018. Notwithstanding the People's citation to the decision in *Kim*, the court treated defendant's motion as a *coram nobis* petition. The court made no finding that Proctor (or Haq) failed to advise defendant of the immigration consequences of his guilty plea, but granted the petition and permitted defendant to withdraw his guilty plea because Proctor had been disbarred for giving bad advice to clients, and because the interests of justice so required. The People timely appealed from the postjudgment order. (§ 1238, subd. (a)(5).)

## II.

## DISCUSSION

"In [*Kim*], the California Supreme Court held a noncitizen criminal defendant who was not advised by counsel of the immigration consequences of his guilty plea may not seek to vacate the judgment in the criminal case by means of a petition for a writ of error *coram nobis*. [Citation.] The noncitizen defendant who has not been advised of the immigration consequences of a guilty plea may move to withdraw his plea (Pen. Code, § 1018), make a statutory motion to vacate the judgment (Pen. Code, § 1016.5), appeal (Pen. Code, § 1237), or file a petition for a writ of habeas corpus raising the issue of ineffective assistance of counsel. [Citations.] '"The writ of error *coram nobis* is not a catch-all by which those convicted may litigate and relitigate the propriety of their convictions *ad infinitum*."' [Citation.] Neither is a nonstatutory motion to vacate the judgment." (*People v. Shokur* (2012) 205 Cal.App.4th 1398, 1403-1404.)

5

There is no dispute that defendant's motion under section 1018 was untimely, and defendant did not appeal from his conviction or timely seek other statutory relief. Nor is there any dispute among the parties that the trial court had no authority whatsoever to treat defendant's motion as a petition for writ of *coram nobis*. As we recently held, "*binding precedent* [italics added] holds that constitutional violations, such as violations of a defendant's right to effective assistance of counsel, are not properly presented in a petition for writ of error *coram nobis*." (*People v. Mbaabu* (2013) 213 Cal.App.4th 1139, 1148 (*Mbaabu*) [Fourth Dist., Div. Two] citing *Kim*, *supra*, 45 Cal.4th at p. 1104.) In other words, the trial court abused its discretion by considering defendant's claim of ineffective assistance of counsel[3] under the guise of *coram nobis* review. (*Mbaabu*, at pp. 1147-1148.)

Defendant contends this court should nonetheless affirm the trial court's order, permitting him to withdraw his guilty plea, as a proper exercise of the trial court's jurisdiction to grant a petition for writ of habeas corpus. According to defendant, because he was still on probation at the time of the hearing, and was therefore in constructive custody, the trial court should be deemed to have treated his motion as a petition for writ of habeas corpus. In support of this assertion, he cites to our decision in *Mbaabu*.

---

[3] In the motion and during the hearing, defendant did not expressly contend that Proctor rendered ineffective assistance of counsel. Nor did defendant expressly rely upon the United States Supreme Court's decision in *Padilla v. Kentucky* (2010) 559 U.S. 356 (*Padilla*), which held that failure to advise a noncitizen client of the immigration consequences of a guilty plea constitutes ineffective assistance of counsel. Nonetheless, defendant's new attorney and the trial court discussed Proctor's competence as an attorney, and defendant expressly relies on *Padilla* in his brief to this court.

6

In *Mbaabu*, we held the trial court there, as in this case, abused its discretion by granting a petition for writ of error *coram nobis* on the basis of ineffective assistance of counsel. (*Mbaabu*, *supra*, 213 Cal.App.4th at pp. 1145-1148.) Nonetheless, because (1) the trial court found ineffective assistance of counsel, (2) the parties on appeal presented arguments on the merits of that claim, and (3) a judgment may be affirmed on any ground, we exercised our discretion to determine whether the trial court's order could be affirmed if the trial court were deemed to have treated the *coram nobis* petition as a habeas corpus petition. (*Id*. at p. 1148 & fn. 4.)

We did not suggest in *Mbaabu* that a trial court *should* treat a defective motion to withdraw a guilty plea or petition for writ of error *coram nobis* as a habeas corpus petition. As the People assert in their reply brief, habeas corpus is governed by various provisions of the Penal Code and the California Rules of Court, none of which defendant or the trial court complied with in this case. For example, absent a stipulation by the custodian to the truth of the facts alleged in the petition and to the requested relief, a trial court may not issue a writ of habeas corpus without first issuing to the custodian an order to show cause (OSC) why the writ should not issue. (*In re Lugo* (2008) 164 Cal.App.4th 1522, 1543 & fn. 13.)

The trial court did not find that defendant made a prima facie showing that he was entitled to a writ of habeas corpus, and the court did not issue an OSC to the appropriate custodian. (Cal. Rules of Court, rule 4.551(c)(1), (3).) Therefore, even if we were to deem the trial court to have treated defendant's motion to be a habeas petition, at most

7

the trial court could have issued an OSC and called for a response. It could not have simply issued a writ of habeas corpus and permitted defendant to withdraw his plea.

Finally, defendant did not demonstrate he was entitled to habeas relief because his motion was not supported by evidence showing he acted diligently in seeking relief. (*Mbaabu*, *supra*, 213 Cal.App.4th at pp. 1149-1150.) At the hearing, defendant's new attorney asserted that defendant did not learn about the immigration consequences of his guilty plea until just before filing his motion. The actual facts in support of the motion, however, do not support counsel's unsworn statements. (See *People v. Wallace* (2004) 33 Cal.4th 738, 754, fn. 3 ["'[i]t is axiomatic that the unsworn statements of counsel are not evidence'"].)

In his declaration, defendant stated his former attorney did not advise him of the immigration consequences of his guilty plea, and that he would not have pleaded guilty had he known his plea would negatively impact his immigration status. Defendant did not, however, declare *when* he first learned that his plea had such negative consequences for his immigration status, and he did not testify at the hearing. However, defendant did declare that he was taken into custody by Immigration and Customs Enforcement upon his release from jail, and that he was subsequently transferred to a detention center in New Mexico. Moreover, attached to defendant's declaration is an agreement dated May 18, 2010, whereby defendant retained Proctor to represent him in an immigration proceeding. This was almost two months after the United States Supreme Court issued

8

its decision in *Padilla* (see *Mbaabu*, *supra*, 213 Cal.App.4th at p. 1144), and two years nine months before he filed his motion. Because defendant did not introduce evidence demonstrating he acted diligently, the trial court could not have granted habeas relief.

III.

DISPOSITION

The postjudgment order permitting defendant to withdraw his guilty plea is reversed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
J.

We concur:


HOLLENHORST
Acting P. J.


CODRINGTON
J.

9