Filed 12/22/14  P. v. Badillo CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>FILOMENO CARLOS BADILLO,<br><br>    Defendant and Appellant. | B252576<br><br>(Los Angeles County<br>Super. Ct. No. BA190029) |

APPEAL from an order of the Superior Court of Los Angeles County.  Michael D. Abzug, Judge.  Affirmed.

The Agopoglu Law Corp. and Berc Agopoglu, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Lance E. Winters, Assistant Attorney General, Steven D. Matthews and J. Michael Lehmann, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Filomeno Carlos Badillo (defendant) appeals from the trial court's order denying his petition for writ of error *coram nobis* in which he sought to have his 1999 judgment vacated on two grounds:  defense counsel rendered ineffective assistance by misinforming him of the immigration consequences of his plea and he would not have entered a plea agreement if he had known of newly discovered exculpatory evidence.  Finding no merit to defendant's contention that the trial court abused its discretion in denying the petition, we affirm the order.

## BACKGROUND

On September 10, 1999, defendant was charged by felony information in count 1 with the sale, transport or offer to sell cocaine, in violation of former Health and Safety Code section 11352, subdivision (a), and in count 2 with possession of cocaine for sale in violation of former Health and Safety Code section 11351.  Under a plea agreement, defendant pled no contest to count 2 in return for the dismissal of count 1.  Defendant was placed on formal probation for three years on terms and conditions that included 30 days in county jail.

On August 9, 2012, defendant filed a motion to vacate judgment pursuant to Penal Code section 1016.5, alleging that neither his attorney, the prosecutor, nor the trial judge warned him of the immigration consequences of his plea.[1]  Two weeks later, defendant filed an "Amendment to Motion to Vacate Judgment" in which defendant alleged that it was his attorney who had failed to advise him of possible defenses and represented there would be no immigration consequences.  After two stipulated continuances, the matter was called for hearing on October 18, 2012, and then taken off calendar.

On December 13, 2012, defendant filed a petition for writ of error *coram nobis* and motion to vacate the judgment, in which defendant alleged that he asked his attorney about immigration consequences and was told that nothing would happen to him.

---

[1]     Penal Code section 1016.5 provides for a statutory motion to vacate a judgment entered after a guilty plea where the trial court failed to advise the defendant that his plea may "have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States."  All further statutory references are to the Penal Code, unless otherwise indicated.

2

Defendant also claimed ineffective assistance of counsel in the defense of the charges. Defendant's attached declaration included the following: "On July 26, 1999, I was driving and working and when I was stopped a lady came to me and said 'do you want a ride?' She said 'I want to have fun.' I said 'I am a driver do you want a ride?' And all of a sudden cops came to me alleging that I had cocaine in my possession. This was during the area and time of rampart [*sic*] scandal."

Following a hearing the trial court denied the petition on March 21, 2013, and issued written findings of fact and conclusions of law (March ruling). Among other findings of fact, the court concluded that according to the docket, prior to defendant entering his plea, the sentencing court specifically advised defendant "that if he was not a citizen of the United States, the consequences of his plea could include deportation, denial of naturalization, and denial of reentry into the United States." The court also found that defendant was represented by counsel, had not shown reasonable diligence in bringing the motion, or that the facts were unknown to him or could not have been discovered earlier, that he did not receive immigration advice that was inconsistent with the admonition given in open court, and that the allegations in his declaration lacked credibility, reliability, and corroboration. The court declined to vacate defendant's plea and concluded that *coram nobis* did not lie to vitiate a plea entered in reliance upon the erroneous advice of counsel.

Defendant did not seek appellate review of the March ruling, and it became final before July 12, 2013, when defendant filed another petition for writ of error *coram nobis* and motion to vacate judgment. In defendant's supporting declaration, in addition to repeating his claim that his attorney failed to inform him regarding immigration consequences, defendant claimed that he did not possess the cocaine for sale. He claimed he was deceived by an undercover police officer who asked whether he had any "weed" and whether he was going to sell her cocaine. Because she was attractive and dressed in revealing clothing, he believed that she was soliciting sex in return for having fun with him in a hotel. Defendant concluded he should have been charged only with simple

3

possession of drugs because the police report, which he did not see until February 2013, confirmed that he wanted to go to the hotel.

After one continuance the court called the matter for hearing on August 28, 2013. Defendant's counsel requested a 30-day continuance because he was "waiting for the transcripts" and intended to amend the petition when he received them. The trial court denied the request to continue and found that no new facts were presented. The petition was taken off calendar and then denied based upon the court's prior ruling. The court stated that it would give careful attention to any new facts available once counsel obtained the transcript. Defendant filed a timely notice of appeal from the court's order.

## DISCUSSION

Defendant contends that the trial court abused its discretion in denying his most recent petition for writ of error *coram nobis*. Defendant relies in part, as he did in both statutory motions and both *coram nobis* petitions, on the United States Supreme Court's holding in *Padilla v. Kentucky* (2010) 559 U.S. 356, 368-369 (*Padilla*), that counsel renders ineffective assistance when the deportation consequence is clear, but he fails to give the correct advice. Defendant also argues, as he did to the trial court, that because he has no remedy by way of habeas corpus, having served his sentence, he will have no remedy at all if he is not permitted to proceed by way of *coram nobis*.

A writ of error *coram nobis*, like the motion under section 1016.5 or a nonstatutory motion to vacate judgment, is unavailable to redress such constitutional claims as ineffective assistance of counsel. (*People v. Kim* (2009) 45 Cal.4th 1078, 1095, 1104, 1107, fn. 20 (*Kim*).) *Coram nobis* is equally unavailable when the defendant relies on *Padilla* to support his claim of ineffective assistance of counsel. (*People v. Mbaabu* (2013) 213 Cal.App.4th 1139, 1147.) In any event, we need not consider the merits of the latest petition, as the trial court expressly relied upon the March ruling, and found that defendant had presented no additional facts. As the petition which resulted in the March ruling was brought on the same grounds as the most recent petition, the instant appeal is taken from what was, in effect, the denial of a motion for reconsideration. As both petitions were brought before the same judge, the court had inherent authority to

4

reconsider its March ruling. (See *People v. Castello* (1998) 65 Cal.App.4th 1242, 1247-1248.) Whether to do so was a matter within the court's discretion. (*Jackson v. Superior Court* (2010) 189 Cal.App.4th 1051, 1068.)

The trial court's "discretion must not be disturbed on appeal *except* on a showing that the court exercised its discretion in an arbitrary, capricious or patently absurd manner that resulted in a manifest miscarriage of justice. [Citations.]" (*People v. Jordan* (1986) 42 Cal.3d 308, 316.) It is defendant's burden to demonstrate that the trial court's decision was irrational, arbitrary, or not "'grounded in reasoned judgment and guided by legal principles and policies appropriate to the particular matter at issue.' [Citation.]" (*People v. Superior Court (Alvarez)* (1997) 14 Cal.4th 968, 977.) Defendant has failed to meet his burden.

The trial court found no new facts in the most recent petition, and denied it on that ground. Defendant contends that his petition was based on newly discovered exculpatory evidence in the original police report that would have provided him with a valid affirmative defense. Defendant declares in the most recent petition, that he did not see the police report until February 2013, when it was shown to him by his current attorney. As the February 2013 discovery obviously predated the March ruling, the police report was not "newly discovered" when defendant sought reconsideration of that ruling in August 2013.

Moreover, such facts would not have supported either of defendant's petitions as "'[t]he writ of [error] *coram nobis* is granted only when three requirements are met. (1) Petitioner must "show that some fact existed which, without any fault or negligence on his part, was not presented to the court at the trial on the merits, and which if presented would have prevented the rendition of the judgment." [Citations.] (2) Petitioner must also show that the "newly discovered evidence . . . [does not go] to the merits of issues tried; issues of fact, once adjudicated, even though incorrectly, cannot be reopened except on motion for new trial." [Citations.] This second requirement applies even though the evidence in question is not discovered until after the time for moving for a new trial has elapsed or the motion has been denied. [Citations.] (3) Petitioner "must show that the

facts upon which he relies were not known to him and could not in the exercise of due diligence have been discovered by him at any time substantially earlier than the time of his motion for the writ. . . .”’ [Citation.]” (*Kim*, *supra*, 45 Cal.4th at p. 1093, quoting *People v. Shipman* (1965) 62 Cal.2d 226, 230.)

Even if defendant had shown that the late discovery of the police report was not due to any fault or negligence on his part, the allegedly exculpatory facts would not entitle him to *coram nobis*. “New facts that would merely have affected the willingness of a litigant to enter a plea, or would have encouraged or convinced him or her to make different strategic choices or seek a different disposition, are not facts that would have prevented rendition of the judgment.” (*Kim*, *supra*, 45 Cal.4th at p. 1103.)

Under such circumstances, we conclude that the trial court did not abuse its discretion in refusing to reconsider its March ruling or in denying the most recent petition.

**DISPOSITION**

The order of August 28, 2013, is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
CHAVEZ

We concur:


_____, P. J.
BOREN


_____, J.
ASHMANN-GERST


6