Filed 2/23/15  P. v. Alvarez CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E060464 |
| v. | (Super.Ct.No. CR64102) |
| JERONINO H. ALVAREZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Becky Dugan, Judge.

Affirmed.

Karlin & Karlin and Marc A. Karlin for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, William M. Wood and Marilyn L. George, Deputy Attorneys General, for Plaintiff and Respondent.

On October 31, 1995, defendant and appellant Jeronino H. Alvarez entered into a negotiated plea of guilty to a single count of transporting heroin for sale in exchange for

1

the dismissal of three other related counts.  (Health & Saf. Code, § 11352, subd. (a).)

The trial court sentenced defendant to five years in state prison and dismissed the other counts alleged against him.

On November 15, 2013, defendant filed an unsuccessful motion to vacate his plea based on ineffective assistance of counsel.  He now appeals the denial of this postjudgment request.  We affirm the trial court's order on procedural grounds we discuss *post*.

### FACTUAL AND PROCEDURAL BACKGROUND

The facts underlying defendant's conviction are largely irrelevant, since we resolve this appeal on procedural grounds.  We note only that, at the preliminary hearing, an officer from the Riverside County Sheriff's Department testified that defendant had personally sold him methamphetamine on one occasion and heroin on the same occasion and one other.  The officer also testified that defendant participated in the sale of additional heroin on yet a third date.

On October 31, 1995, defendant changed his plea to a negotiated one of guilty on one count for transporting heroin for sale.  He signed a standard plea form and placed his initials next to the following advisement:  "If I am not a citizen of the United States, I understand that this conviction may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States."  Defendant also placed his initials next to a statement to the effect that he had adequate time to discuss with his attorney the consequences of his plea.  Defense

2

counsel signed an attestation to the same effect.  Moreover, defendant told the trial court that he had a chance to discuss his plea decision with his attorney, as well as that he understood and waived the rights described in the standard plea form he signed.  At defendant's request, the trial court sentenced him on the date he pled guilty.

In his November 2013 motion to vacate his plea, defendant presented a sworn declaration attesting that he is a citizen of Mexico and was a lawful United States resident at the time of his arrest.  He complained that the United States had terminated his legal resident status and disqualified him from any type of "immigration relief" because of the guilty plea he entered into in 1995.  Defendant further alleged that neither his defense attorney nor the trial court had advised him that a conviction for transporting heroin for sale would probably cause him to be deported and rendered ineligible to return to the United States.  Relying almost exclusively on *Padilla v. Kentucky* (2010) 559 U.S. 356 (*Padilla*), defendant argued that the failure to provide specific advice about the ramifications his conviction would likely have on his immigration status amounted to ineffective assistance of counsel, such that his plea should be withdrawn.

## ANALYSIS

As defendant acknowledges, "a nonstatutory motion to vacate has long been held to be the legal equivalent of a petition for a writ of error *coram nobis*.  [Citations.]" (*People v. Kim* (2009) 45 Cal.4th 1078, 1096 (*Kim*).)  We employ the deferential abuse of discretion standard when reviewing trial court orders on writs of error *coram nobis*.  (*Id.* at p. 1095.)  In this case, the trial court did not abuse its discretion when denying

3

defendant's request to vacate his guilty plea on the ground that his attorney had rendered ineffective assistance because a claim of ineffective assistance of counsel is not cognizable on a writ of error *coram nobis*.

The purpose of a writ of error *coram nobis* is "to secure relief, where no other remedy exists, from a judgment rendered while there existed some fact which would have prevented its rendition if the trial court had known it and which, through no negligence or fault of the defendant, was not then known to the court." (*People v. Mbaabu* (2013) 213 Cal.App.4th 1139, 1146 (*Mbaabu*) [Fourth Dist., Div. Two].) To prevail, the writ petitioner must show three things: " '(1) that some fact existed which, without his fault or negligence, was not presented to the court at the trial and which would have prevented the rendition of the judgment; (2) that the new evidence does not go to the merits of the issues of fact determined at trial; and (3) that he did not know nor could he have, with due diligence, discovered the facts upon which he relies any sooner than the point at which he petitions for the writ. [Citations.]' " (*People v. McElwee* (2005) 128 Cal.App.4th 1348, 1352.)

As *Kim* explained, the remedy of a writ of error *coram nobis* is available to correct errors of fact, but not errors of law. (*Kim*, *supra*, 45 Cal.4th at pp. 1093-1095.) Therefore, a claim of ineffective assistance of counsel, which is a question of law rather than of fact, is not cognizable on a writ of error *coram nobis*. (*Ibid.*; *People v. Banks* (1959) 53 Cal.2d 370, 378 ["It has often been held that the motion or writ is not available where a defendant voluntarily and with knowledge of the facts pleaded guilty or admitted

4

alleged prior convictions because of ignorance or mistake as to the legal effect of those facts"].)

Here, defendant's motion to vacate his plea was based on no facts or theories other than that his counsel had failed to adequately advise him of the immigration consequences that might follow a guilty plea to a charge for transporting heroin for sale. As we held in *Mbaabu*, *coram nobis* is "not a proper vehicle for relief from the judgment" on the ground of ineffective assistance of counsel. (*Mbaabu*, *supra*, 213 Cal.App.4th at p. 1147.) Consequently, we conclude that the trial court could not have granted defendant's writ of error *coram nobis*, even had it found that his counsel had rendered ineffective assistance in connection with the plea.

Defendant appears to assume that, because *Padilla* held that the failure to advise a criminal defendant of the immigration consequences of pleading guilty may constitute ineffective assistance of counsel, he may choose any means he wishes to put a claim that *Padilla* has been implicated before the trial court. What defendant ignores is that, " ' "The writ of error *coram nobis* is not a catch-all by which those convicted may litigate and relitigate the propriety of their convictions *ad infinitum*." ' [Citation.] Neither is a nonstatutory motion to vacate the judgment." (*People v. Shokur* (2012) 205 Cal.App.4th 1398, 1403-1404.) Nothing in *Padilla* changes the rule from *Kim* that ineffective assistance of counsel may not be reached on a petition for writ of error *coram nobis*. (*Id.* at pp. 1404-1405.)

DISPOSITION

The denial of defendant's posttrial request to vacate his guilty plea is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

HOLLENHORST
J.

McKINSTER
J.

6