Filed 5/22/15  P. v. Hernandes CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B257996 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. YA015764) |
| v. | |
| MAXIMILIANO QUINTEROS HERNANDES, | |
| Defendant and Appellant. | |

APPEAL from an order of the Los Angeles Superior Court, Alan B. Honeycutt, Judge.  Affirmed.

Melanie K. Dorian, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

# I. INTRODUCTION

Defendant, Maximiliano Quinteros Hernandes, is a Guatemalan native. He has been living and working in the United States since 1987. Defendant has a son who is a United States citizen. In 1993, defendant was charged with cocaine base possession for purposes of sale. (Former Health & Saf. Code, § 11351.5, Stats. 1987, ch. 1174, § 3.) Defendant evaded the charges until September 4, 2002, when he was arrested on a fugitive bench warrant. On October 11, 2002, defendant pled no contest to the charge. His potential maximum exposure was five years in state prison. (Former Health & Saf. Code, § 11351.5.) Under the plea agreement, he was placed on three years' formal probation, which he successfully completed. Eleven years later, in 2013, defendant filed a motion to vacate the judgment and withdraw his plea. (Pen. Code, § 1016.5.[1]) He was facing deportation as a result of his cocaine base possession for sale conviction. The trial court denied the motion. Defendant appeals from that order. We affirm the order.

# II. DISCUSSION

We appointed counsel to represent defendant on appeal. After examining the record, appointed appellate counsel filed an "Opening Brief" in which no issues were raised. Instead, appointed appellate counsel requested this court independently review the entire record on appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 441. (See *Smith v. Robbins* (2000) 528 U.S. 259, 277-284.) We have examined the entire record and are satisfied appointed appellate counsel has fully complied with her responsibilities.

---

[1] Further statutory references are to the Penal Code except where otherwise noted.

A.  The Immigration Consequences Advisement

As noted above, the trial court denied defendant's motion to vacate the judgment and withdraw his plea.  Our review is for an abuse of discretion.  (*People v. Superior Court (Zamudio)* (2000) 23 Cal.4th 183, 192; *People v. Akhile* (2008) 167 Cal.App.4th 558, 562; *People v. Castro-Vasquez* (2007) 148 Cal.App.4th 1240, 1244.)  There was no abuse of discretion.  Defendant was advised as to the potential immigration consequences of his plea.  Defendant did not present any objective evidence corroborating his claim he would not have pled guilty if properly advised.  And the trial court was not required to credit defendant's assertion he would not have entered his plea had he been advised as to its potential immigration consequences.  (*People v. Martinez* (2013) 57 Cal.4th 555, 565; see generally, *People v. Curl* (2009) 46 Cal.4th 339, 342, fn. 3 [credibility of witness is exclusive province of trier of fact to determine]; *People v. Maury* (2003) 30 Cal.4th 342, 403 [same].)  The trial court could reasonably conclude defendant did not meet his burden on his section 1016.5, subdivision (b) motion.  (*People v. Arriaga* (2014) 58 Cal.4th 950, 957-958; *People v. Martinez, supra*, 57 Cal.4th at pp. 558-559; *In re Resendiz* (2001) 25 Cal.4th 230, 253-254.)  Further, defendant did not contend his attorney inaccurately communicated the plea offer.  And there was no evidence the prosecutor would have been willing to accept a plea to a nondeportable offense.  Defendant's choice, at the time he entered his plea, was not between pleading guilty and being deported or going to trial and avoiding deportation.  Rather, a conviction after trial would have had the same potential immigration consequences.  (*People v. Martinez, supra*, 57 Cal.4th at p. 565; *In re Resendiz, supra*, 25 Cal.4th at p. 254.)

Additionally, when pleading nolo contendre, defendant was represented by Alex Mendoza.  Defendant asserts Mr. Mendoza rendered ineffective assistance of counsel.  Defendant argued he was misadvised as to the immigration consequences of his plea.  (See *Padilla v. Kentucky* (2010) 559 U.S. 356, 364 [affirmative misadvice or failure to advise may constitute ineffective assistance of counsel]; *In re Resendiz, supra*, 25 Cal.4th at p. 240 [same].)  However, this is an inappropriate ground for relief under section

1016.5. (*People v. Kim* (2009) 45 Cal.4th 1078, 1107, fn. 20; *People v. Mbaabu* (2013) 213 Cal.App.4th 1139, 1145; *People v. Limon* (2009) 179 Cal.App.4th 1514, 1519; *People v. Chien* (2008) 159 Cal.App.4th 1283, 1287-1290).  And it is not a proper ground for a nonstatutory motion or its legal equivalent, a *coram nobis* petition.  (*People v. Kim, supra*, 45 Cal.4th at p. 1104; *In re Nunez* (1965) 62 Cal.2d 234, 236; *People v. Aguilar* (2014) 227 Cal.App.4th 60, 68; *People v. Mbaabu, supra*, 213 Cal.App.4th at p. 1147).  The alleged violation of defendant's constitutional right to effective assistance of counsel should have been raised in a habeas corpus petition.  (*People v. Kim, supra*, 45 Cal.4th at p. 1104; *People v. Shokur* (2012) 205 Cal.App.4th 1398, 1404; *People v. Soriano* (1987) 194 Cal.App.3d 1470, 1477.)  However, defendant completed his California probation and is no longer in California custody.  Thus, he can no longer challenge his conviction by a habeas corpus writ petition.  (*People v. Villa* (2009) 45 Cal.4th 1063, 1066, 1071-1072; *People v. Kim, supra*, 45 Cal.4th at pp. 1084, 1108.)

### B.  Defendant's Letter Brief

On March 3, 2015, we advised defendant he had 30 days within which to personally submit any arguments he wished us to consider.  Defendant filed a letter brief on March 27, 2015, together with exhibits.  Defendant asserted numerous facts, but none under penalty of perjury.  In connection with the post-judgment motion to vacate the conviction, defendant was represented by Robert F. Jacobs.  Defendant argues Mr. Jacobs provided ineffective assistance.  Even if we assume the truth of defendant's factual assertions, he has not shown it is reasonably probable the outcome would have been more favorable to him absent his factually unsupported allegations.  (*Strickland v. Washington* (1984) 466 U.S. 668, 687-694; *People v. Carrasco* (2014) 59 Cal.4th 924, 982; *In re Champion* (2014) 58 Cal.4th 965, 1007-1008.)

IV.  DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


TURNER, P.J.


We concur:


MOSK, J.


GOODMAN, J.*

---

*       Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.