Filed 7/19/24  P. v. Avery CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B327229 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA004166) |
| v. | |
| KYLE WHELAN AVERY, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, John A. Torribio, Judge.  Affirmed.

Lise M. Breakey, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Steven D. Matthews and Rama R. Maline, Deputy Attorneys General, for Plaintiff and Respondent.

—————————————

In 1990, Kyle Whelan Avery pled guilty to attempted residential burglary.  In 2022, he filed a petition for a writ of error *coram nobis*, seeking to vacate the prior judgment on the ground that his trial counsel induced his guilty plea with faulty advice.  The trial court denied the petition.  We affirm the trial court order.

**FACTUAL AND PROCEDURAL BACKGROUND**

In June 1990, Avery was arrested after he was observed forcing a screwdriver between the front doors of a residence, near the deadbolt.  The People charged Avery with one count of attempted residential burglary.  (Pen. Code, §§ 459, 664.)[1]  Avery was represented by counsel.  He pled guilty to the charge, pursuant to a plea bargain.  The trial court sentenced Avery to the low term of one year.[2]

In August 2022, Avery filed a petition for a writ of *coram nobis* to vacate the 1990 judgment.[3]  The petition alleges that Avery's trial counsel induced his guilty plea with faulty advice regarding the strength of the People's case.  Avery contends the

—————————————

[1]      All undesignated statutory references are to the Penal Code.

[2]      Avery completed the one-year sentence.  However, in 2001, the People charged Avery with robbery and alleged the 1990 conviction as a strike.  The 2001 information also alleged Avery suffered a second strike in 1993.  Avery indicates he is currently serving a sentence of 35 years to life for robbery.

[3]      In March 2022, Avery filed a petition for a writ of habeas corpus.  The trial court denied the petition in July 2022.

2

People would have been unable to prove he committed attempted burglary, yet his counsel erroneously advised him to enter a plea. Avery further asserts his trial attorney failed to investigate his "childhood schizophrenia and educational handicap," prior to advising him to accept a plea deal.

In September 2022, the trial court denied Avery's petition. The court concluded it lacked jurisdiction and, citing to section 1265, subdivision (a), indicated the writ must be filed in the appellate court. Avery timely appealed.[4]

## DISCUSSION

### I. Avery Fails to Establish Reversible Error

On appeal, Avery contends the trial court incorrectly relied on section 1265, subdivision (a), and erred in concluding it did not have jurisdiction to consider his petition. Although we agree that the trial court had jurisdiction to consider Avery's petition, we will not reverse a trial court order merely because the decision was given for a wrong reason. (*People v. Mbaabu* (2013) 213 Cal.App.4th 1139, 1148, fn. 4 (*Mbaabu*).) "[W]e must affirm if the court's ruling was correct on any basis . . . ." (*Ibid*.; *People v. Jones* (2012) 54 Cal.4th 1, 50.) Here, we affirm the order because the claims Avery attempted to raise in his petition do not support the issuance of a writ of error *coram nobis*.

The writ of error *coram nobis* is a limited, non-statutory, common law remedy. (*People v. Kim* (2009) 45 Cal.4th 1078,

---

[4] In general, "the trial court's denial of a petition for writ of error *coram nobis* is an appealable order." (*People v. Allenthorp* (1966) 64 Cal.2d 679, 683, citing *In re Horowitz* (1949) 33 Cal.2d 534, 537; cf. *People v. Totari* (2002) 28 Cal.4th 876, 885, fn. 4 [reviewing court may summarily dismiss appeal if it initially determines defendant has not made a prima facie showing of merit].)

3

1091–1092 (*Kim*).)  To obtain *coram nobis* relief, "(1) Petitioner must 'show that some fact existed which, without any fault or negligence on his part, was not presented to the court at the trial on the merits, and which if presented would have prevented the rendition of the judgment.' [Citations.]  (2) Petitioner must also show that the 'newly discovered evidence . . . [does not go] to the merits of issues tried . . . (3) Petitioner 'must show that the facts upon which he relies were not known to him and could not in the exercise of due diligence have been discovered by him at any time substantially earlier than the time of his motion for the writ . . . .' [Citations.]" (*People v. Shipman* (1965) 62 Cal.2d 226, 230.)

Under section 1265, subdivision (a), "if a judgment has been affirmed on appeal no motion shall be made or proceeding in the nature of a petition for a writ of error coram nobis shall be brought to procure the vacation of that judgment, except in the court which affirmed the judgment on appeal.  When a judgment is affirmed by a court of appeal and a hearing is not granted by the Supreme Court, the application for the writ shall be made to the court of appeal."  However, if no appeal was taken from the judgment, a writ of *coram nobis* may be addressed to the trial court.  (*People v. E.B.* (2020) 51 Cal.App.5th 47, 57; *People v. Wadkins* (1965) 63 Cal.2d 110, 113.)  In this case, there was no appeal from the judgment, thus Avery could properly file the petition in the trial court.

Nevertheless, it is apparent that the claims Avery raised in the petition did not provide a basis for the trial court to grant *coram nobis* relief.  Avery asserts his trial counsel misled him about the law and the strength of the People's case.  He contends counsel's misrepresentations led him to plead guilty.  Yet, it is well established that a writ of *coram nobis* cannot be used to

4

vacate a guilty plea based on the ineffective assistance of counsel. (*Kim*, *supra*, 45 Cal.4th at pp. 1093, 1095, 1104; *Mbaabu*, *supra*, 213 Cal.App.4th at pp. 1145, 1147; *People v. Ayala* (1955) 138 Cal.App.2d 243, 245–246, 249 (*Ayala*).)  Indeed, " '[c]*oram nobis* will not issue to vacate a plea of guilty on the sole ground that it was induced by a false statement of defense counsel, even if unwarranted and willfully false.  [Citation.]' " (*Ayala*, at p. 250.)

Our high court's decision in *Kim* is instructive.  In that case, the defendant challenged the validity of a prior conviction with a petition for writ of error *coram nobis*.  The defendant pled guilty to crimes which, years later, triggered deportation proceedings.  (*Kim*, *supra*, 45 Cal.4th at pp. 1089–1090.)  In his petition, the defendant asserted he received ineffective assistance of counsel because his attorney failed to adequately investigate the immigration consequences of the conviction or defend against a plea that would result in a deportable conviction.  (*Id.* at p. 1089.)

Our high court explained that the defendant's allegations did not support issuance of a writ of error *coram nobis*.  "Defendant's allegations that he would not have pleaded guilty had he been armed with these additional facts, or that counsel would have been successful in arranging a plea to a nondeportable offense had these facts been known, fundamentally misapprehends the pertinent inquiry.  To qualify as the basis for relief on *coram nobis*, newly discovered facts must establish a basic flaw that would have prevented rendition of the judgment.  [Citations.]  Such facts often go to the legal competence of witnesses or litigants, or the jurisdiction of the court.  New facts that would merely have affected the willingness of a litigant to enter a plea, or would have encouraged or

5

convinced him or her to make different strategic choices or seek a different disposition, are not facts that would have prevented rendition of the judgment." (*Kim*, *supra*, 45 Cal.4th at pp. 1102–1103.)

Likewise, here, even if the facts Avery has alleged could be deemed newly discovered, they would not provide a valid basis for *coram nobis* relief. Avery's petition asserts that he was erroneously charged, and, if properly advised by trial counsel, he would not have entered a plea.[5] As in *Kim*, these are facts that may have affected Avery's willingness to enter a plea, or would have encouraged him to seek a different disposition. They are not facts that would have prevented the rendition of judgment. There was no basis for the trial court to grant *coram nobis* relief.

---

[5] Although Avery was charged with, and pled guilty to, *attempted* residential burglary, his petition appears to rest on the argument that the People would not have been able to establish he committed *burglary* because there was no evidence of entry. The petition further asserts the argument "is not being presented as an ineffective assistance of counsel claim but is nevertheless the result of such ineffectiveness which is creating a serious miscarriage in justice and is causing the petitioner to suffer a current indeterminate sentence." It thus appears that Avery is, in fact, arguing that the ineffective assistance of counsel caused him to plead guilty to a charge he now believes lacked merit.

6

## DISPOSITION

The trial court's order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


ADAMS, J.


We concur:


EDMON, P. J.


EGERTON, J.