[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 16, 2012
JOHN LEY
CLERK

No. 10-14433
Non-Argument Calendar
_____

D.C. Docket No. 3:09-cr-00094-MCR-1


UNITED STATES OF AMERICA,

                                                      Plaintiff-Appellee,

versus

YOBA FALCON,

                                                      Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(February 16, 2012)

Before HULL, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Yoba Falcon appeals his 100-month sentence, after pleading guilty to 1 count of conspiracy to commit mail fraud, in violation of 18 U.S.C. § 371, and 1 count of mail fraud, in violation of 18 U.S.C. §§ 2 and 1341, based on the fraudulent purchase of eight properties. Falcon contends that the district court erred in making the loss calculation by not applying a credit against loss regarding 16 other properties for which he cancelled the purchase agreements before the fraud was detected. He also asserts that the correct loss calculation should have been zero.

I.

We review the district court's loss determination for clear error. *United States v. Woodard*, 459 F.3d 1078, 1087 (11th Cir. 2006). However, if the defendant failed to raise the issue in the district court, we review for plain error. *United States v. Patterson*, 595 F.3d 1324, 1326 (11th Cir. 2010). This standard requires the defendant to show "(1) an error; (2) that is plain; (3) that affects substantial rights; and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* We have held that "[w]hen the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it." *United States v. Castro*, 455 F.3d 1249, 1253 (11th Cir.

2

2006) (quotations omitted) (applying this language to a sentencing issue).

Under the Guidelines, a district court may hold a defendant accountable "not just for the 'offense of conviction,' but for all 'offense conduct,' which 'refers to the totality of the criminal transaction in which the defendant participated and which gave rise to his indictment, without regard to the particular crimes charged in the indictment.'" *United States v. Fuentes*, 107 F.3d 1515, 1522 (11th Cir. 1997) (citation omitted). Section 1B1.3(a)(2) of the Guidelines describes what relevant conduct must be considered in calculating a defendant's base offense level, and provides that the defendant must be held accountable for all acts and omissions when they are part of the same course of conduct or scheme. *United States v. Maxwell*, 34 F.3d 1006, 1010 (11th Cir. 1994).

Section 2B1.1 of the Guidelines provides a 16-level enhancement for a fraud offense involving between $1 million and $2.5 million, and provides for an 18-level enhancement for an offense involving between $2.5 million and $7 million in loss. U.S.S.G. § 2B1.1(b)(1)(I)-(K). Application Note 3 to that section provides that the "loss is the greater of actual loss or intended loss." U.S.S.G. § 2B1.1, comment. (n.3(A)). Actual loss is defined as "the reasonably foreseeable pecuniary harm that resulted from the offense." *Id.*, comment. (n.3(A)(i)). Intended loss means "the pecuniary harm that was intended to result from the

3

offense . . . ." *Id.*, comment. (n.3(A)(ii)). We have held that "[p]roof that the defendant intentionally induced a bank to unknowingly subject itself to the risk of default is sufficient to establish that the defendant intended to cause a loss." *United States v. Menichino*, 989 F.2d 438, 442 (11th Cir. 1993). Pecuniary harm is defined as "harm that is monetary or that otherwise is readily measurable in money." U.S.S.G. § 2B1.1, comment. (n.3(A)(iii))

The Guidelines, however, provide for a credit against loss, stating that the loss amount shall be reduced by the money returned or the fair market value of any property returned to the victim before the offense was detected. *Id.*, comment. (n.3(E)(i)). We have held that "inherent in the credit against loss provision is an acknowledgment that there was in fact an initial loss, even though it was subsequently remedied by recovery of collateral or return of goods." *United States v. Lee*, 427 F.3d 881, 895 (11th Cir. 2005) (interpreting the credit against loss provision to determine whether someone who held collateral could be considered a victim). The Guidelines expressly acknowledge that district courts are in a "unique position" to assess the evidence and make a "reasonable estimate" of the loss involved, and that "the court's loss determination is entitled to appropriate deference." U.S.S.G. § 2B1.1, comment. (n.3(C)). Moreover, we have held that courts may make a reasonable estimate of the loss amount. *United States*

4

*v. Miller*, 188 F.3d 1312, 1327 (11th Cir. 1999).

Falcon did not fairly preserve in the district court the particular argument involving the credit against an intended loss. Thus, we review for plain error. Because the cancellation of the 16 purchase agreements involved neither the return of property or money nor an initial loss, and because Falcon cites no binding case law holding that the failure of the 16 transactions to close is the equivalent of the Guidelines' credit for money or properly returned, we conclude that the district court did not commit plain error.

II.

"[A] party may not challenge as error a ruling or other trial proceeding invited by that party." *United States v. Love*, 449 F.3d 1154, 1157 (11th Cir. 2006) (citation omitted) (applying invited error to a sentencing issue). "The doctrine of invited error is implicated when a party induces or invites the district court into making an error." *Id.* (quotation omitted). "The doctrine stems from the common sense view that where a party invites the trial court to commit error, he cannot later cry foul on appeal." *United States v. Brannan*, 562 F.3d 1300, 1306 (11th Cir. 2009).

Because Falcon acknowledged to the district court that the loss amount was either $1,441,600 or $1.7 million, he invited any error regarding his argument that

5

the loss amount was actually zero. Even assuming that he did not invite the error, the district court did not plainly err in calculating the loss amount because the language of the Guidelines provision does not explicitly establish error, and there is no binding precedent resolving a similar dispute in a defendant's favor. Thus, the district court's decision to base the loss calculation on the amount of the loans did not constitute plain error.

Upon review of the entire record on appeal, and after consideration of the parties' appellate briefs, we affirm.

**AFFIRMED**.