Filed 4/30/13  P. v. Falcon CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G047031 |
| v. | (Super. Ct. No. 07CF0309) |
| YOBA FALCON, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from an order of the Superior Court of Orange County, Craig E. Robison, Judge.  Affirmed.

William Mallory Kent for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, James D. Dutton and Michael T. Murphy, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

Yoba Falcon contends he pleaded guilty to four counts of assault with a deadly weapon because his attorney and the trial court promised him his seven-year state prison sentence would run concurrently with a term he later received in an unrelated federal case. He filed a petition for writ of error *coram nobis* in the trial court 17 months after the federal court sentenced him to a consecutive term. He sought a specific performance remedy: An order vacating his judgment and sentence in the state case, which would have allowed federal authorities to place him in federal custody, and then gain reinstatement of his state prison sentence to be served concurrently with his federal commitment. The trial court denied the petition on "separate and independent grounds" that Falcon's attorney's certificate of service of the writ petition did not comply with Code of Civil Procedure section 1013a, and because Falcon did not establish clear entitlement to a *coram nobis* remedy. For the reasons expressed below, we affirm.

I

FACTS AND PROCEDURAL BACKGROUND

According to the transcript of the preliminary hearing,[1] Jesus Lopez informed Santa Ana police that childhood friend Falcon had severely injured him in an altercation over Falcon's affair with Lopez's wife. On the evening of December 26, 2006, the pair agreed to meet in the parking lot of a Santa Ana liquor store. Falcon warned Lopez "he was going to kick [Lopez's] ass and he didn't think [Lopez] was man enough to meet him." Lopez drove to the store with his brother in a white Mercedes, parked, and spoke to Falcon on the phone. A short time later, Falcon, driving a black Escalade, rammed Lopez's vehicle. Lopez exited his car and ran toward the Escalade, which backed up and then pulled forward, knocking him back eight to 10 feet. Falcon

---

[1]    On our own motion, we directed the superior court to transmit its file to this court and we take judicial notice of the documents contained in the file referred to in this opinion. (See Cal. Rules of Court, rule 8.155(a); Evid. Code, § 455, 459.)

accelerated again and ran over Lopez, dragging him under the vehicle, and then drove away. Lopez suffered serious injuries, including fractures, lacerations, and burns.

An information filed in August 2007 charged Falcon with attempted murder, two counts of aggravated assault, and alleged Falcon personally inflicted great bodily injury in the commission of the assaults. The prosecutor later amended the information to add two counts of aggravated assault against Lopez's brother.

In December 2009, Yoba Falcon pleaded guilty to four counts of assault with a deadly weapon in exchange for the prosecutor's agreement to dismiss the attempted murder charge. Falcon's written guilty plea provided in relevant part: "[T]he following terms are also part of this plea: Defendant's sentence shall be served concurrent with any other case (state or Federal) and be served in any Penal institution – state or Federal."

At the combined plea and sentencing hearing, the court imposed a seven-year aggregate sentence. After the court pronounced the sentence, Falcon's lawyer asked the trial court, "Is it going to be served concurrent with the federal case?" The court replied, "Since I didn't say consecutive, it would be concurrent." The court's minute order from the sentencing hearing provides, "Sentence imposed to be concurrent with any other sentence now being served" and "Defendant may serve his prison sentence at any state or local penal institution." The abstract of judgment tracks the language of the minute order.

In February 2012, Falcon filed a petition for a writ of error *coram nobis* in the superior court. As explained more fully below, Falcon asserted trial counsel told him if he pleaded guilty his sentence would run concurrently with a sentence yet to be imposed in a pending federal case in Florida. He argued the plea form and the trial court's remark at sentencing, related above, corroborated his understanding of counsel's statement, which he relied on to plead guilty. The federal court later imposed a sentence

3

consecutive to the state sentence. In his petition, Falcon seeks specific performance of the alleged promise.

In April 2012, a different judge denied Falcon's writ petition on the "separate and independent grounds" that "the certificate of service attached to the petition by counsel does not comply with statutory requirements" under Code of Civil Procedure section 1013a, and "no clear entitlement to the requested relief via *coram nobis* is established." The record does not contain written opposition to the petition, nor does it appear the court conducted a hearing on the petition.

The court's written order explained *coram nobis* was not the appropriate procedure to address a claim that trial counsel was ineffective. The court further determined trial counsel's alleged promise about the sentence was not substantially corroborated by the acts or statements of the trial court or the prosecution. The court explained: "Defendant alleges defense counsel advised him that his state prison sentence would run *concurrent with the sentence to be imposed* on pending federal charges. In pronouncing the sentence imposed, the trial court did not expressly state whether the sentence would be served concurrently or consecutively to any other sentence. In response to defense counsel's question about how the sentence was to be served, the trial court merely confirmed that its decision not to articulate how the sentence was to be served effectively meant that the sentence was to be served concurrently with any other sentence then being served by the defendant by operation of law. (See Pen. Code, § 669.) The trial court's statement is confirmed in both the sentencing minute order and the abstract of judgment which state that the sentence imposed to be concurrent with any other sentence now being served. The trial court's statement at sentencing did not substantially corroborate defense counsel's allegedly erroneous advice to the defendant so as to warrant *coram nobis* relief. [¶] The same is true with respect to actions taken by the prosecution. The terms of the agreement, as reflected on the executed *Tahl* form, do not demonstrate substantial corroboration by the prosecution of the allegedly erroneous

4

advice offered by defense counsel to the defendant. The plea agreement does not expressly allude to pending federal charges for which a sentence remained to be imposed and merely provides that defendant shall serve his sentence concurrently with any other case. The executed *Tahl* form does not clearly reflect substantial corroboration by the prosecution of defense counsel's allegedly erroneous advice to defendant that any state prison sentence imposed by the trial court would run concurrent with any sentence to be imposed on pending federal charges."

## II

### DISCUSSION

A. *Proof of Service by Mail (Code Civ. Proc., § 1013a)*

The court denied the petition on the ground the certificate of service attached to the petition did not comply with Code of Civil Procedure section 1013a. Falcon only mentions the ruling parenthetically, noting "the court did not specify in what manner [the certificate] failed to comply or offer counsel an opportunity to amend the certificate." The Attorney General does not address the ruling.

Section 1013a describes how to perfect proof of service by mail. Section 1013a, subdivision (2) provides proof of service by mail may be shown by "[a] certificate setting forth the exact title of the document served and filed in the cause, showing the name and business address of the person making the service, showing that he or she is an active member of the State Bar of California and is not a party to the cause, and showing the date and place of deposit in the mail, the name and address of the person served as shown on the envelope, and also showing that the envelope was sealed and deposited in the mail with the postage thereon fully prepaid."

Here, the certificate provided: "I hereby certify that a true and correct copy of the foregoing was served on Tony Rackauckas by serving a copy on Jess Rodriguez, Deputy District Attorney Orange County, 401 Civic Center Drive West, Santa Ana,

California 92701, by United States Mail, first class postage prepaid, on this the 24th day of February, 2012. /s William Mallory Kent."

The certificate did not comply with section 1013a because it did not specify the exact title of the document, did not provide the business address of the person making service, did not demonstrate the server was an active member of the Bar, and did not specify the place of deposit in the mail or that the envelope was sealed. We agree with the trial court Falcon did not comply with section 1013a. "Where service is made by mail strict compliance with Code of Civil Procedure section 1013a is required." (*West v. West* (1979) 92 Cal.App.3d 120, 125.) Substantial compliance required, at a minimum, the certificate include the place of mailing. (*Him v. City and County of San Francisco* (2005) 133 Cal.App.4th 437, 443.) We note the district attorney did not file a response or opposition to the petition, which may indicate the prosecutor did not receive it. The court did not err in denying the petition based on inadequate proof of service.

B.    *Coram Nobis*

Falcon asserted he was entitled to *coram nobis* relief because he relied on his trial attorney's statements that his sentence in the current case would "run concurrent with the sentence to be imposed on [his] pending federal charges in the United States District Court for the Northern District of Florida, Case Number 3:09-cr-94-MCR."[2] He asserted the guilty plea form and comment by the court at sentencing "corroborated" his attorney's representations, and convinced him to forgo a jury trial and plead guilty. He further asserts the representations made "by the trial attorney, the Court and the District Attorney were mistaken" because in September 2010 the federal court imposed a consecutive sentence. We review denial of a petition for writ of error *coram nobis* for an

---

2    Falcon pleaded guilty in the Florida federal case to conspiring to commit mail fraud and mail fraud (18 U.S.C. §§ 2, 371, 1341). He received a 100-month sentence. (See *U.S. v. Falcon* (11th Cir. 2012) 462 Fed.Appx. 866.)

6

abuse of discretion.  (*People v. McElwee* (2005) 128 Cal.App.4th 1348, 1352 (*McElwee*).)

In *People v. Kim* (2009) 45 Cal.4th 1078, 1093-1094 (*Kim*) the California Supreme Court held *coram nobis* relief is unavailable when "a litigant has some other remedy at law."  Here, Falcon may file a writ of habeas corpus to remedy an allegedly involuntary plea based on his lawyer's ineffective assistance because he remains in actual or constructive state custody.  The availability of a habeas remedy removes *coram nobis* relief as a viable option.

Moreover, as *Kim* explains, a *coram nobis* petitioner must establish an allegedly new fact, both "unknown and . . . in existence at the time of the judgment" that would have prevented the rendition of the judgment.  (*Kim*, *supra*, 45 Cal.4th at pp. 1093, 1102.)  Examples of new facts that have justified issuance of the writ have included a litigant's insanity or minority, failure to serve the litigant, and procurement of a plea through extrinsic fraud or mob violence.  (*Id.* at p. 1102.)  Alleged new facts that speak merely to the legal effect of a guilty plea are not grounds for relief on *coram nobis*.  (*Id.* at p. 1093; see also *McElwee*, *supra*, 128 Cal.App.4th at p. 1352 [defendant's belief, at the time of his plea, that he would serve only 15 years in prison "was not a mistake of fact but one of law"].)

Here, Falcon does not meet *Kim's* requirements for *coram nobis* relief because his federal consecutive sentence was not a fact in existence at the time of the judgment in the state case.  As *Kim* noted, "New facts that would merely have affected the willingness of a litigant to enter a plea, or would have encouraged or convinced him or her to make different strategic choices or seek a different disposition, are not facts that would have prevented rendition of the judgment."  (*Id.* at p. 1103.)

Falcon relies on *Finch v. Vaughn* (11th Cir. 1995) 67 F.3d 909, but the defendant in that case brought a habeas corpus petition to remedy his involuntary plea.  In contrast to this case, the court adjudicating the habeas petition in *Finch* conducted an

evidentiary hearing where both the defendant and his lawyer testified and a record was developed that demonstrated the sentencing court and the defendant's attorney misled the defendant to believe his state sentence would be served concurrently with a federal sentence *previously* imposed. (*Id.* at p. 912.)

Finally, we note the superior court file (see fn. 1, *ante*) reflects that while Falcon was released on bail in this case, federal authorities in Santa Ana arrested him in December 2008 for making false statements on a passport application (18 U.S.C. § 1542) (case no. 8:08-cr-00338-CJC). This prompted the trial court to increase Falcon's bail to $3 million. When trial counsel here asked the trial court at sentencing if the sentence was "going to be served concurrent with *the* federal case" (italics added), he failed to inform the court there was more than one federal case. No reference to the Florida federal case appears in the record. Trial counsel did not object to the trial court imposing sentence, which reflects the Florida federal case was not included in Falcon's plea bargain. If counsel had promised Falcon, and bargained on Falcon's behalf for a sentence concurrent to a future sentence in the pending Florida matter, counsel would have known the state court could not bind the federal court to a concurrent sentence. (See *United States v. Ballard* (11th Cir. 1993) 6 F.3d 1502, 1507.) He presumably would have acted as Falcon's appellate counsel suggests, by asking the superior court to refrain from sentencing Falcon until the Florida federal court imposed sentence.

In any event, the lower court did not abuse its discretion in denying Falcon's petition for a writ of error *coram nobis*. We need not address the Attorney General's argument not raised in the trial court that Falcon failed to act diligently in seeking *coram nobis* relief. (See, e.g., *Kim*, *supra*, 45 Cal.4th at p. 1101 ["in opposing both the habeas corpus and the *coram nobis* writ petitions below, the People specifically argued that defendant 'has failed to prove diligence'"]; *People v. Trantow* (1986) 178 Cal.App.3d 842, 847 [filing petition for a writ of error *coram nobis* eight years after filing a habeas corpus petition and 14 years after conviction constitutes inexcusable

8

delay].)  We express no opinion whether Falcon might be entitled to a remedy if he was in fact advised or promised his sentence in this case would run concurrently to the sentence subsequently imposed in Florida.  (See *Kim*, *supra*, at p. 1104 [violation of attorney's constitutional duty not to affirmatively misadvise client should be raised in a motion for a new trial or in a petition for a writ of habeas corpus].)

## III

### DISPOSITION

The order is affirmed.


ARONSON, ACTING P. J.

WE CONCUR:


FYBEL, J.


IKOLA, J.