Filed 4/20/15 P. v. O'Brien CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.111.5.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>LATOMIESHA O'BRIEN,<br><br>  Defendant and Appellant. | 2d Crim. No. B256060<br>(Super. Ct. No. F466160)<br>(San Luis Obispo County) |

Latomiesha O'Brien appeals an April 14, 2014 order denying his petition for writ of error coram nobis to vacate a 2012 conviction for possession of an illegal substance in a jail/prison facility (Pen. Code, § 4573.6).[1] The trial court ruled that the petition failed to state grounds for relief. We affirm. (*People v. McElwee* (2005) 128 Cal.App.4th 1348, 1352.)

In 2011 appellant had several bindles of marijuana in his prison cell and was charged with possession of an illegal substance in a jail/prison facility (§ 4573.6) and possession of marijuana for sale (Health & Saf. Code, § 11359). After the trial court declared a doubt as to appellant's mental competency, three mental health experts evaluated appellant. (§§ 1368; 1369, subd. (a).) On January 25, 2012, the trial

---

[1] All statutory references are to the Penal Code unless otherwise stated.

court found appellant mentally competent to stand trial and reinstated criminal proceedings.

On March 7, 2012, appellant entered a plea of no contest to possession of an illegal substance in a jail/prison facility and admitted three prior strike convictions. (§§ 667, subds. (d)-(e); 1170.12, subds. (b)-(c).) After the prosecution dismissed count 2 (possession of marijuana for sale), the trial court struck two of the prior strikes. (§ 1385; *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.) During the hearing, appellant asked about halftime credits and was told that "it's not part of the plea agreement" and the indicated sentence was eight years.[2]

On April, 23, 2012, the trial court denied probation, sentenced appellant to eight years state prison (four-year upper term, doubled based on the prior strike), and ordered the sentence to run consecutive to the nine-year sentence appellant was currently serving for a home invasion robbery with a firearm. After sentence was imposed, appellant asked: "Excuse me, your Honor, that eight years, was that half or 85 percent?"

"THE COURT: Mr. O'Brien -- [¶] Let's go back on the record (sic) in the matter of Mr. O'Brien. [¶] "Mr. O'Brien, because you're not entitled to presentence custody credits, I'm not giving you any -- you don't have any actual or good time/work time credits as of today. The sentence is [to] run consecutive to the time that you've already received. . . .

"THE DEFENDANT: What percentage do I get? Like, is it halftime or eight and a half (sic)?

---

[2] The trial court advised appellant that the indicated sentence was eight years: "Is that your understanding as well? [¶] THE DEFENDANT: Eight years with half? [¶] THE COURT: Eight years. It is my understanding with current legislation that there is nothing that would prevent you from accruing halftime credit. It's not part of the plea agreement, but you understand that my indicated sentence is eight years? [¶] THE DEFENDANT: Okay, Yes. [¶] THE COURT: And I don't know of any reason that you would not be entitled to halftime credit. [¶] THE DEFENDANT: Okay. [¶] THE COURT: The sentence that I have indicated, which is eight years, is going to run consecutive to the sentence that you are currently serving. [¶] You understand that? [¶] THE DEFENDANT: Yes."

"THE COURT:  In terms of the sentence you're going to serve?

"THE DEFENDANT:  Yeah.

"THE COURT:  That will be calculated by the California Department of Corrections and Rehabilitation.

"MR. CRAWFORD [appellant's trial attorney]:  And it should be half, your Honor.

"THE COURT:  Mr. Crawford, what I have previously stated in these cases is that I don't know of a reason why he would not be entitled to halftime credits; however, this area of law is still evolving and it is not part of the plea agreement."

### Coram Nobis Petition

In 2014, nearly two years after the sentence was imposed, appellant filed a non-statutory motion/petition for writ of error coram nobis to vacate the judgment and plea.  Denying the petition, the trial court stated that it was not persuaded that it had "jurisdiction" to grant coram nobis relief.  (See e.g., *People v. Reid* (1924) 195 Cal. 249, 254.)  The court explained that the 2012 sentencing transcript spoke for itself.  "Specifically. . . , I note[d] that the issue regarding conduct credits would be calculated by the California Department of Corrections and Rehabilitation.  There was some discussion about whether [appellant] would be entitled to 50 percent conduct credits.  And I specifically stated that this area of law is still evolving and it is not part of the plea agreement."

### Discussion

We review for abuse of discretion.  (*People v. McElwee, supra,* 128 Cal.App.4th at p. 1352.)  Because a petition for writ of error coram nobis is the same as a non-statutory motion to vacate the judgment, the terms may be used interchangeably.  (*People v. Dubon* (2001) 90 Cal.App.4th 944, 950.)

A writ of error coram nobis is granted only when three requirements are met.  (*People v. Kim* (2009) 45 Cal.4th 1078, 1093 (*Kim*.)  Appellant must show:  (1) that some fact existed which, without his fault or negligence, was not presented to the court at

3

the trial and which would have prevented the rendition of the judgment; (2) that the newly discovered evidence does not go to the merits of the issues of fact determined at trial; and (3) that appellant did not know nor could have, with due diligence, discovered the facts upon which he relies any sooner then when he filed the petition. (*Ibid.*; *People v. Shipman* (1965) 62 Cal.2d 226, 230.)

*Mistake of Law - Not a Ground for Coram Nobis Relief*

Appellant failed to satisfy the first prong by showing the existence of a newly discovered fact which, had it been known, would have prevented the rendition of the judgment of conviction. (*Kim, supra,* 45 Cal.4th at p. 1093.) "For a newly discovered fact to qualify as the basis for the writ of error *coram nobis*, we look to the fact itself and not its legal effect. 'It has often been held that the motion or writ is not available where a defendant voluntarily and with knowledge of the facts pleaded guilty or admitted alleged prior convictions because of ignorance or mistake as to the legal effect of those facts.' [Citation.]" (*Ibid.*)

Appellant argues that the trial court and his attorney operated on the false assumption that appellant would serve four years. But that is a mistake of law, not one of fact. (*People v. McElwee, supra,* 128 Cal.App.4th at p. 1352 [defendant's belief he would serve only 15 years not a mistake of fact].) A writ of error coram nobis does not lie to correct errors of law. (*Kim, supra,* 45 Cal.4th at p. 1093.) The record shows that custody credits was not part of the plea agreement and that appellant knowingly and voluntarily entered the plea. Appellant did ask about halftime credits and was told that custody credits would be calculated by the California Department of Corrections and Rehabilitation. He was advised that the law of custody credits "is still evolving . . ." and that halftime credits was not part of the plea agreement. The trial court had no sua sponte duty to research the matter or advise that the Three Strikes law required that 80 percent of the sentence be served. (See *People v. Barella* (1999) 20 Cal.4th 261, 271-272 [sentencing court has no duty to advise on collateral, or indirect, consequences of plea, including Three Strikes law limitation on custody credits].) "An advisement of the

4

statutory or stipulated sentence - without reference to permissible credits - is sufficient." (*Ibid.*)

The petition states that appellant was misadvised and denied effective assistance of trial counsel, but that is not grounds for coram nobis relief. (*Kim*, *supra,* 45 Cal.4th at p. 1104; *People v. Ibanez* (1999) 76 Cal.App.4th 537, 546, fn. 13; *People v. Soriano* (1987) 194 Cal.App.3d 1470, 1476.) "To qualify as the basis for relief on *coram nobis*, newly discovered facts must establish a basic flaw that would have prevented rendition of the judgment. [Citations.] Such facts often go to the legal competence of witnesses or litigants, or the jurisdiction of the court. New facts that would have merely affected the willingness of a litigant to enter a plea, or would have encouraged or convinced him or her to make different strategic choices or seek a different disposition, are not facts that would have prevented rendition of the judgment." (*Kim, supra,* 45 Cal.4th at p. 1103.)

*Untimely Petition*

The petition was not timely filed, which is grounds alone for denying coram nobis relief. (*Kim, supra,* 45 Cal.4th at p. 1096.) "One who applies for a writ of *coram nobis* upon a ground such as the one here presented must show that the facts upon which he relies were not known to him and could not in the exercise of due diligence have been discovered by him at any time substantially earlier than the time of his motion for the writ; otherwise he has stated no ground for relief.' [Citation.]" (*People v. Welch* (1964) 61 Cal.2d 786, 791.)

The petition states that appellant learned that he would not receive halftime credits after he started serving the sentence  But that would have been in 2012. Appellant wrote his trial attorney and the "period ran into the 2013 holiday season . . . . " The calculation of custody credits was easily verifiable. Appellant could have consulted the Penal Code (see § 667, subd. (c)(5); 1170.12, subd. (a)(5)) or simply asked the California Department of Corrections and Rehabilitation (CDCR). When appellant was sentenced, the trial court made it clear that custody credits would be determined by CDCR, not the court. The petition fails to show that appellant exercised due diligence or filed the

5

petition in a timely manner. (*People v. Shipman, supra,* 62 Cal.2d at p. 230; *People v. McElwee, supra,* 128 Cal.App.4th at p. 1352.) "Unreasonable and unexplained delay in presenting a petition . . . affords sufficient ground for its denial. [Citations.]" (*People v. Price* (1958) 162 Cal.App.2d 196, 197 [18 month delay].)

*Conclusion*

It is well settled that a writ of error coram nobis is narrow in scope and not a catch-all remedy. (*Kim, supra,* 45 Cal.4th at pp. 1091-1092; *People v. Darcy* (1947) 79 Cal.App.2d 683, 693.) Buyer's remorse is not grounds for vacating a plea or conviction. (*People v. Knight* (1987) 194 Cal.App.3d 337, 344.) The trial court reasonably concluded that none of the requirements for coram nobis relief were pled or satisfied. (*Kim*, *supra,* 45 Cal.4th at pp. 1101-1103.)

The judgment is affirmed.

NOT TO BE PUBLISHED.

YEGAN, J.

We concur:

GILBERT, P.J.

PERREN, J.

6

Jacquelyn Duffy, Judge

Superior Court County of San Luis Obispo

_____

California Appellate Project, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, David C. Cook, Kathy S. Pomerantz, Deputy Attorneys General, for Plaintiff and Respondent.