Filed 8/9/16  P. v. Grimes CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　v.<br><br>GERALD RICHARD GRIMES,<br><br>　　　Defendant and Appellant. | B263545<br><br>(Los Angeles County<br>Super. Ct. No. A565934) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Stanley Blumenfeld, Judge.  Affirmed.

Sally Patrone Brajevich, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Steven D. Matthews and Ryan M. Smith, Deputy Attorneys General, for Plaintiff and Respondent.

_____

## INTRODUCTION

Gerald Richard Grimes appeals from the trial court's denial of his petition for writ of error *coram nobis*. Because the trial court did not abuse its discretion in denying the petition, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

A.      *Grimes's Plea and Sentencing*

In March 1984 the People charged Grimes with attempted first degree burglary (Pen. Code,[1] §§ 459, 664), grand theft (§ 487, former subd. (1)),[2] and first degree burglary (§ 459). In August 1984 the People charged Grimes with robbery (§ 211). On December 20, 1984 Grimes, represented by counsel, pleaded no contest to all charges in both cases. At the time he entered his plea, Grimes was advised of his constitutional rights and the nature and consequences of his plea, which he stated he understood.

At the sentencing hearing in March 1985, the trial court, Hon. Gilbert C. Alston, indicated that Grimes was amenable to formal probation. Based on a diagnostic study report and a probation report, the court exercised its limited discretion under section 462 to grant probation.[3] The court suspended imposition of sentence and placed Grimes on five years of formal probation on each count, on condition he serve 365 days in county jail with credit for time served.

---

[1]     Statutory references are to the Penal Code.

[2]     Section 487, former subdivision (1), "provided: 'Grand theft is theft committed in any of the following cases: [¶] 1. When the . . . real . . . property taken is of a value exceeding four hundred dollars ($400) . . . .'" (*People v. Sanders* (1998) 67 Cal.App.4th 1403, 1411.)

[3]     Section 462, subdivision (a), provides: "Except in unusual cases where the interests of justice would best be served if the person is granted probation, probation shall not be granted to any person who is convicted of a burglary of an inhabited dwelling house . . . ."

For reasons not apparent in the record, on December 16, 1986 the trial court, Hon. Marvin D. Rowen, revoked and terminated Grimes's probation, and sentenced him to state prison for the middle term of two years for attempted first degree burglary. On December 22, 1986 the court corrected its December 16, 1986 order nunc pro tunc by stating that the court was imposing the two-year sentence on count 1, and dismissing counts 2 and 3. Grimes did not appeal.

B.    *Grimes's Petition for Writ of Error <u>Coram Nobis</u>*

Approximately 30 years later, on February 20, 2015, Grimes, representing himself, filed a petition for writ of error *coram nobis* and a motion to vacate the judgment. Grimes alleged that Judge Alston erred by failing to make a record of the factual basis for the plea and the degree of the attempted burglary. Grimes asserted that, because Judge Alston had failed to specify the degree of attempted burglary when Grimes pleaded no contest, under section 1192 the degree of the crime was attempted second degree burglary.[4] Therefore, according to Grimes, Judge Rowen's subsequent imposition of the two-year term for attempted first degree burglary was an unauthorized sentence, and was contrary to Grimes's understanding of the terms and conditions of his plea to Judge Alston.

After reviewing the superior court file, including the transcripts of the preliminary hearing and the plea hearing, the trial court denied Grimes's petition and motion. The court ruled that Grimes had "offer[ed] no explanation to justify the extraordinary delay in bringing this petition. . . . Nor has [Grimes] satisfied the other requirements necessary to obtain the relief he seeks." The court also stated that Grimes's "petition appears to lack merit" because he "was plainly charged with first-degree attempted burglary, as set forth

---

[4]    Section 1192 provides: "Upon a plea of guilty, or upon conviction by the court without a jury, of a crime or attempted crime distinguished or divided into degrees, the court must, before passing sentence, determine the degree. Upon the failure of the court to so determine, the degree of the crime or attempted crime of which the defendant is guilty, shall be deemed to be of the lesser degree."

in the felony complaint, and as demonstrated by the holding order following the preliminary hearing, and as stated upon the taking of the plea . . . . It is equally plain that there was an adequate factual basis for the plea, as demonstrated by the transcript of the preliminary hearing," where "[t]he victim testified that he observed [Grimes] (and his co-defendant) trying to pry his way into his home by use of a crowbar . . . ." Grimes appealed, challenging the denial of his petition for writ of error *coram nobis*.

## DISCUSSION

A.      *Petition for a Writ of Error <u>Coram Nobis</u>*

A petition for writ of error *coram nobis* is the equivalent of a nonstatutory motion to vacate a conviction. Its limited role "'is to secure relief, where no other remedy exits, from a judgment rendered while there existed some fact which would have prevented its rendition if the trial court had known it and which, through no negligence or fault of the defendant, was not then known to the court.'" (*People v. Kim* (2009) 45 Cal.4th 1078, 1091 (*Kim*).)

"The writ[] of coram nobis is granted only when three requirements are met. (1) Petitioner must 'show that some fact existed which, without any fault or negligence on his part, was not presented to the court at the trial on the merits, and which if presented would have prevented the rendition of the judgment.' [Citations.] (2) Petitioner must also show that the 'newly discovered evidence (does not go) to the merits of issues tried; issues of fact, once adjudicated, even though incorrectly, cannot be reopened except on motion for new trial.' [Citations.] . . . (3) Petitioner 'must show that the facts upon which he relies were not known to him and could not in the exercise of due diligence have been discovered by him at any time substantially earlier than the time of his motion for the writ.' [Citations.] [¶] In view of these strict requirements, it will often be readily apparent from the petition and the court's own records that a petition for coram nobis is without merit and should therefore be summarily denied. When, however, facts have been alleged with sufficient particularity [citation] to show that there are substantial legal

or factual issues on which availability of the writ turns, the court must set the matter for hearing. These issues may be decided on the basis of memoranda of points and authorities, affidavits, and other written reports. If the court deems additional procedures necessary to a correct determination of the issues, it may also require the presence of petitioner and other witnesses, and conduct the hearing like an ordinary trial." (*People v. Shipman* (1965) 62 Cal.2d 226, 230-231; accord, *Kim, supra*, 45 Cal.4th at p. 1093.)

We review the trial court's ruling on a petition for a writ of error *coram nobis* for abuse of discretion. (*Kim, supra*, 45 Cal.4th at pp. 1095-1096; see *People v. McElwee* (2005) 128 Cal.App.4th 1348, 1352.)

B.       *The Trial Court Did Not Abuse Its Discretion in Denying Grimes's Petition for a Writ of Error <u>Coram Nobis</u>*

Grimes argues that the trial court erred in denying his petition for a writ of error *coram nobis* because errors by Judge Alston and Judge Rowen undermined the validity of his conviction for attempted first degree burglary. Grimes contends that, as a result of these errors, he should have been convicted of, and sentenced for, attempted second degree burglary. We conclude that the trial court properly denied Grimes's petition because Grimes is procedurally barred from seeking *coram nobis* relief.

In *Kim,* the California Supreme Court discussed several procedural requirements the petitioner must satisfy to obtain a writ of error *coram nobis*, which ensure the limited use of the remedy. (*Kim, supra*, 45 Cal.4th at pp. 1092, 1096.) The petitioner must show that he or she (1) acted with due diligence in seeking *coram nobis* relief, (2) did not forego the opportunity to appeal or seek other available remedies, and (3) is not raising successive or piecemeal claims. (*Id*. at pp. 1096-1101.) A defendant who fails to satisfy these procedural requirements is ineligible for *coram nobis* relief. (*Ibid.*) In this case, Grimes's petition did not satisfy at least the first two procedural requirements.

First, Grimes did not demonstrate that he exercised due diligence in seeking *coram nobis* relief. "'It is well settled that a showing of diligence is prerequisite to the availability of relief by motion for *coram nobis*.'" (*Kim, supra*, 45 Cal.4th at p. 1096.)

5

To make this showing, the petitioner must allege "not only the probative facts upon which the basic claim rests, but also the time and circumstances under which the facts were discovered, in order that the court can determine as a matter of law whether the litigant proceeded with due diligence; a mere allegation of the ultimate facts or of the legal conclusion of diligence, is insufficient." (*People v. Shorts* (1948) 32 Cal.2d 502, 513; see *Kim*, *supra*, at p. 1096.)

In his declaration in support of the petition, Grimes asserted that Judge Rowen imposed an unauthorized sentence on December 16, 1986 by imposing a two-year prison sentence for attempted first degree burglary, which Grimes contends was contrary to his belief that he would receive a one-year prison sentence for attempted second degree burglary if he violated the terms of his probation. Grimes knew or should have known of this discrepancy in 1986 when Judge Rowen revoked probation and imposed the two-year sentence. (See *People v. Mbaabu* (2013) 213 Cal.App.4th 1139, 1147 [defendant was not entitled to *coram nobis* relief where the fact on which the petition was based "was not a new 'fact' that was undiscoverable despite the exercise of due diligence"]; *People v. Gari* (2011) 199 Cal.App.4th 510, 520 [defendant was not entitled to *coram nobis* relief where he failed to "identify any new facts that were unknown to him at the time he pleaded guilty to the charged offenses"].) Grimes does not explain why he waited almost 30 years to file a petition for writ of error *coram nobis*. And even if Grimes were unaware of the one-year discrepancy when Judge Rowen imposed the two-year sentence, Grimes failed to specify when he did learn of it, so that the trial court could determine whether Grimes acted with due diligence in filing the petition. (See *Kim, supra,* 45 Cal.4th at pp. 1098-1099.)

Second, Grimes did not take advantage of other available remedies when he had the opportunity to do so. (See *Kim, supra,* 45 Cal.4th at p. 1099.) "This procedural requirement is analogous to the general rule applicable to writs of habeas corpus 'that habeas corpus cannot serve as a substitute for an appeal, and, in the absence of special circumstances constituting an excuse for failure to employ that remedy, the writ will not lie where the claimed errors could have been, but were not, raised upon a timely appeal

6

from a judgment of conviction.'" (*Ibid.*) Grimes could have raised the issue of his sentence in the trial court, on direct appeal, or in a timely petition for a writ of habeas corpus. (See *id.* at pp. 1105-1106 ["[f]ollowing a plea or conviction, a defendant can move to withdraw a plea, or can appeal a judgment of conviction and then if necessary seek discretionary review in this court," and then, "[h]aving exhausted those avenues of potential relief, the defendant during the time of actual or constructive custody can file a petition for a writ of habeas corpus in an appropriate court," fns. omitted]; *People v. Gari*, *supra*, 199 Cal.App.4th at p. 520 ["criminal defendants have ample opportunities to challenge the correctness of the judgments against them by," among other things, "appealing from a judgment of conviction [and] filing a petition for a writ of habeas corpus 'during the time of actual or constructive custody'"].) Grimes did not do so.[5]

## DISPOSITION

The trial court's order denying the petition for a writ of error *coram nobis* is affirmed.

SEGAL, J.

We concur:

PERLUSS, P. J.                    ZELON, J.

---

[5]    In July 2014 Grimes did file in this court a petition for writ of mandate, which we deemed a petition for writ of habeas corpus and summarily denied, raising the same claim he makes in this case. That petition was also untimely, and its filing implicates the third procedural failure of Grimes's petition for writ of error *coram nobis*: "engage[ing] in the piecemeal presentation of claims." (*Kim*, *supra*, 45 Cal.4th at p. 1100.)