Filed 8/30/23  P. v. Grimes CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>BENNETT GOLDING GRIMES,<br><br>    Defendant and Appellant. | E081420, E081422<br><br>(Super.Ct.Nos. FSB044772, FSB026485)<br><br>OPINION |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>BENNETT GOLDING BROWN,<br><br>    Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Cheryl C. Kersey, Judge.  Dismissed.

Bennett G. Grimes, in pro. per.; and John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

1

No appearance for Plaintiff and Respondent.

Bennett Golding Grimes appeals the denial of his petition for a writ of *coram nobis*. After his counsel filed a no-issue brief under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), Grimes filed his own supplemental brief. We dismiss.

## BACKGROUND

In May 2000, Grimes pled guilty to inflicting corporal injury on a spouse or cohabitant. (Pen. Code § 273.5, subd. (a))[1] Per the plea agreement, the court placed him on probation for three years.

In September 2004, Grimes again pled guilty to inflicting corporal injury on a spouse or cohabitant and admitted he was convicted of the same crime less than seven years earlier, and therefore qualified for harsher sentencing under former section 273.5, subdivision (e), now subdivision (f). The court sentenced Grimes to two years in state prison.

On April 28, 2023, Grimes filed an in propria persona "Petition [f]or Recall of Sentence Pursuant [t]o 'Coram Nobis Relief' " regarding both cases. The trial court denied the petitions in May 2023, and Grimes appealed.

## ANALYSIS

On Grimes's request, we appointed counsel to represent him on appeal. Counsel filed a brief declaring they found no arguably meritorious issues to appeal, setting out a statement of the case, and asking us to conduct an independent review of the record.

---

[1] Unlabeled statutory citations refer to the Penal Code.

When appealing from a postconviction order, a defendant has no constitutional right to independent review under *Anders/Wende*[2] if appellate counsel cannot identify any arguable issues. (*Delgadillo*, *supra*, 14 Cal.5th at p. 231.) However, "[i]f the defendant subsequently files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion." (*Id.* at p. 232.) Here, after appellate counsel filed a brief notifying us Grimes's appeal presented no arguable issues, we offered Grimes an opportunity to file a personal supplemental brief, and he did so.

Grimes's brief cannot and does not address the fundamental error in his petition, which is that neither this appeal nor the relief he requests is authorized. As a threshold matter, the denial of his petition, which nominally seeks *coram nobis* relief, is not appealable, as his petition failed to state a prima facie case for relief. (*People v. Gallardo* (2000) 77 Cal.App.4th 971, 982 ["Denial of a defendant's request for *coram nobis* relief is appealable . . . unless the petition failed to state a prima facie case for relief . . . or the petition merely duplicated issues which had or could have been resolved in other proceedings."]; see *People v. Kim* (2009) 45 Cal.4th 1078, 1091-1096 (*Kim*) [providing background on the availability of *coram nobis* relief generally].) " 'A writ of *coram nobis* permits the court which rendered judgment "to reconsider it and give relief from errors of fact." ' " (*People v. McElwee* (2005) 128 Cal.App.4th 1348, 1352.) Accordingly, " '[t]he remedy does not lie to enable the court to correct errors of law.' "

_____

    [2] *Anders v. California* (1967) 386 U.S. 738 (*Anders*); *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

3

(*Kim*, at p. 1093.) Grimes's petition alleges no errors of fact, only an alleged change in the law. Therefore, Grimes has failed to establish a prima facie claim for *coram nobis* relief, and his appeal should be dismissed.

In addition, the petition would be meritless even if Grimes had stated a prima facie case for *coram nobis* relief, or if we were to interpret his petition as a request for some other kind of relief. Grimes's petition alleges recall and resentencing is appropriate due to a change in the law. But Grimes's cases are final, have been final for years, and in fact Grimes has already served his sentence in both. Absent some statutory provision expressly entitling him to retroactive relief—which he does not identify—later ameliorative changes in the law do not affect him. (§ 3 ["No part of [the Penal Code] is retroactive, unless expressly so declared."].) Moreover, the petition's only claimed change in the law is our United States Supreme Court's decision in *Johnson v. United States* (2015) 576 U.S. 591, which concerned only federal criminal law and does not apply to Grimes's cases under California state law.

Nor does Grimes's supplemental brief raise any issues which would suggest the court's decision denying his petition was in error. Grimes's supplemental brief lists complaints about how his cases were handled previously, including alleged problems with his consent in entering a guilty plea and his sentencing, but does not meaningfully or specifically challenge the court's decision on his petition. While we recognize Grimes has concerns about his cases, they have long been final, and any alleged error is not properly before us.

4

DISPOSITION

We dismiss the appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL
J.

We concur:


McKINSTER
Acting P. J.


MILLER
J.